IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISON

| | |
|---|---|
| DENISE BERRY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF HARVEY, THORNTON TOWNSHIP HIGH SCHOOL DISTRICT 205, and DETECTIVE ANTHONY COLEMAN, | ) |
| | ) |
| Defendants | ) |
| | ) |

## COMPLAINT

NOW COMES Plaintiff, DENISE BERRY, by her attorneys HORN, KHALAF, ABUZIR & MITCHELL LLC, and complaining of Defendants, CITY OF HARVEY, THORNTON HIGH SCHOOL DISTRICT 205, and DETECTIVE ANTHONY COLEMAN, in their individual capacities, states as follows:

### Introduction

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within the district.

### Background

4. Plaintiff, Denise Berry, a resident of Blue Island, Illinois, is currently unemployed and under the care of her mother.

5. On February 3, 2006, Plaintiff arrived at Thornton Township High School (Thornton HS) in Harvey, Illinois at around 10:40 a.m. for a meeting with the principal regarding her children, Thomas and Relautry Smith.

6. Upon entering Thornton HS, Plaintiff was asked for identification, and Plaintiff complied by placing identification at the security table.

7. Plaintiff proceeded towards the administrative office after complying with the security personnel's identification request.

8. Without any cause or justification, Plaintiff was physically assaulted by Detective Coleman, a member of the Harvey Police Department.

9. During the assault, Detective Coleman unjustifiably grabbed the Plaintiff by the throat and forcefully brought her to the ground and struck Plaintiff numerous times with a closed fist.

10. During the course of the assault, the Plaintiff suffered a head injury, a contusion, a bruised throat, and lacerations to the cheeks and lips

11. At the time of the attack, Detective Coleman was working as a school resource officer at Thornton HS.

12. Detective Armstrong and unknown student witnessed the physical assault.

13. Detective Coleman is a male who is 6 feet, 3 inches tall and weighs about 350 pounds.

14. Plaintiff is a female who is 5 feet, 6 inches and weighs 185 pounds.

15. After the physical assault, Plaintiff was handcuffed in front of her two children and taken to Harvey Police Department and charged with battery and disorderly conduct.

16. Plaintiff's mother, Demaris Johnson, arrived at Thornton HS a short time after the assault.

17. Detective Armstrong stated to Plaintiff's mother, Demaris Johnson, and Plaintiff's children, Thomas and Relautry Smith, that Plaintiff "never touched or provoked" Detective Coleman.

18. Plaintiff repeatedly requested and was refused medical attention.

19. Plaintiff was placed in a holding cell after pleadings for medical attention were ignored.

20. While in custody of Harvey Police, Plaintiff was refused permission to take her prescribed blood pressure medicine.

21. After about 3 hours, Plaintiffs requests for medical attention were finally granted by the Harvey Police Department.

22. Plaintiff was transported to Ingalls Memorial Hospital in Harvey, Illinois.

23. At Ingalls Memorial Hospital, Plaintiff was treated for head injuries, a contusion, and laceration and then released into police custody.

24. Before the physical assault, Plaintiff was a productive member of society.

25. Before the physical assault, Plaintiff was a former teacher and was in the process of attending nursing school.

26. Before the physical assault, Plaintiff was self-sufficient and had no prior mental illnesses.

27. As a result physical assault, the Plaintiff has been diagnosed with Post Traumatic Stress Disorder.

28. As a result of the physical assault, Plaintiff suffers from extreme emotional distress and anxiety. Specifically, Plaintiff has difficulties sleeping and suffers from everyday anxiety disabling her from maintaining a normal life.

29. As a result of the physical assault, Plaintiff has been diagnosed with severe depression.

30. As a result of the physical assault, Plaintiff has attempted suicide on at least 5 different occasions.

31. As a result of the physical assault, Plaintiff has been institutionalized on more than one occasion.

32. As a result of the physical assault, Plaintiff has been declared mentally unfit by the Social Security Administration.

33. As a result of the physical assault, Plaintiff has lost the ability to conduct everyday activities and is no longer self-sufficient.

COUNT 1 -- 42 U.S.C. § 1983:

Excessive Force

34. Plaintiff, Denise Berry, realleges each of the foregoing paragraphs as if fully stated herein.

35. As described in the preceding paragraphs, the conduct of Detective Coleman, acting under color of law and within the scope of his employment, constituted excessive force in violation of the United States Constitution, specifically unreasonably seizing the Plaintiff in violation of the 4th Amendment..

36. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

37. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff.

38. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Harvey Police Department in that:

    a. As a matter of both policy and practice, the Harvey Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Harvey Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Harvey Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

      c.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Harvey Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Harvey Police Department makes findings of wrongdoing in a disproportionately small number of cases;

      d.      Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Harvey Police Department, by which officers fail to report misconduct by other officers, such as the misconduct at issue in this case; and

      e.      The City of Harvey has and the relevant policymakers have failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

WHEREFORE, Plaintiff, DENISE BERRY, respectfully requests that the Court enter judgment in her favor and against Defendants, CITY OF HARVEY, THORNTON HIGH SCHOOL DISTRICT 205, and DETECTIVE COLEMAN, awarding compensatory damages and attorneys' fees, along with punitive damages against DETECTIVE COLEMAN in his individual capacity, and any other relief this Court deems just and appropriate.

### COUNT II – State Law Claim:

#### Battery

39.    Plaintiff, Denise Berry, realleges each of the foregoing Paragraphs as if fully stated herein.

40. As described in the preceding paragraphs, the conduct of the Defendant Officer, acting within the scope of their employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Plaintiff's bodily and mental injuries.

41. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

42. The misconduct in this Count was undertaken by Defendant Coleman within the scope of his employment such that his employer, CITY OF HARVEY and THORNTON HIGH SCHOOL DISTRICT 205, are liable for his actions.

WHEREFORE, Plaintiff, DENISE BERRY, respectfully requests that the Court enter judgment in her favor and against Defendants, CITY OF HARVEY, THORNTON HIGH SCHOOL DISTRICT 205, and DETECTIVE ANTHONY COLEMAN, awarding compensatory damages, as well as punitive damages against the individual Defendants, and any other relief this Court deems just and appropriate.

### COUNT III – State Law Claim:

#### Assault

43. Plaintiff, Denise Berry, realleges each of the foregoing Paragraphs as if fully stated therein.

44. As described in the preceding paragraphs, the conduct of Defendant Coleman, acting within the scope of his employment as a police officer, created a reasonable apprehension of imminent harm, undertaken willfully and wantonly, proximately causing serious emotional and other injuries.

45. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

46. The misconduct described in this Count was undertaken by Defendant Coleman within the scope of his employment such that his employers, CITY OF HARVEY and THORNTON HIGH SCHOOL DISTRICT 205, are liable for his actions.

WHEREFORE, Plaintiff, DENISE BERRY, respectfully requests that the Court enter judgment in her favor and against Defendants, CITY OF HARVEY, DETECTIVE ANTHONY COLEMAN, and THORNTON HIGH SCHOOL DISTRICT 205, awarding compensatory damages, as well as punitive damages against the individual Defendants, and any other relief this Court deems just and appropriate.

COUNT IV – State Law Claim:

Respondeat Superior

44. Plaintiff, Denise Berry, realleges each of the foregoing Paragraphs as if fully stated herein.

45. In committing the acts alleged in the preceding paragraphs, Defendant Coleman was a member of, and agent of the Harvey Police Department acting at all relevant times within scope of his employment.

46. Defendant City of Harvey is liable as principal for all torts committed by its agents.

WHEREFORE, Plaintiff, DENISE BERRY, respectfully request that the Court enter judgment in his favor and against Defendant, CITY OF HARVEY, in an amount equal to any award against DETECTIVE ANTHONY COLEMAN.

COUNT V – State Law Claim;

Indemnification

47. Plaintiff, Denise Berry, realleges each of the foregoing Paragraphs as if fully stated herein.

48. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

49. Defendant Coleman is an employee of the Harvey Police Department, who acted within the scope of his employment in committing the misconduct described herein.

WHEREFORE, Plaintiff, DENISE BERRY, respectfully requests that the Court enter judgment in her favor and against Defendant CITY OF HARVEY in the amounts awarded to Plaintiff against DETECTIVE ANTHONY COLEMAN and THORNTON HIGH SCHOOL DISTRICT 205, as well as any other relief this Court deems just and appropriate under the circumstances.

JURY DEMAND

Plaintiff, DENISE BERRY, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

_____

Attorneys for Plaintiff

HORN, KHALAF, ABUZIR & MITCHELL
10003 S. Roberts Rd.
Palos Hills, IL   60465
(708)233-1122